UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | | |
|---|---|---|---|
| CARLOS ALTIERY, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 2:13-CR-42-JRG-1 |
| | ) | | 2:16-CV-229-JRG |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## **MEMORANDUM OPINION**

Before the Court is Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Docs. 95]. On February 11, 2016, this Court appointed Federal Defender Services of Eastern Tennessee ("FDSET") to review the case to determine whether Petitioner is eligible for collateral relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual provision of the Armed Career Criminal Act, 18 U.S.C. § 924(e), for unconstitutional vagueness. *See* E.D. Tenn. SO-16-02 (Feb. 11, 2016). Petitioner filed a pro se challenge to his career offender enhancement under Section 4B1.1 of the United States Sentencing Guidelines based on the *Johnson* decision [Doc. 95 (suggesting that the sentence is no longer valid because the residual provision in Section 4B1.2 is equally vague)].[1]

---

[1] The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual

In accordance with the Standing Order, FDSET filed a supplement in support of the pro se request for relief [Doc. 98].

On March 3, 2017, this Court stayed the action pending resolution of several dispositive legal issues in *Beckles v. United States* [Doc. 101]. The Supreme Court decided the *Beckles* case on March 6, 2016, holding that the United States Sentencing Guidelines are "not amenable to vagueness challenges." *Beckles v. United States*, No. 15-8544, 2017 WL 855781, at *7 (U.S. March 6, 2017). As a result, binding authority now dictates that the *Johnson* decision does not provide a basis for vacating or correcting Petitioner's sentence.

On March 16, 2017, this Court directed FDSET, the United States, and Petitioner that any motion they wanted considered prior to resolution of or in conjunction with Petitioner's § 2255 motion should be filed prior to April 1, 2017 [Doc. 102]. On March 23, 2017, Petitioner filed a pro se supplement noting that he had not been in contact with FDSET counsel but reiterating that he still wanted to pursue *Johnson*-based collateral relief despite the *Beckles* decision [Doc. 103].

In light of the forgoing and because the *Beckles* decision forecloses any possibility of collateral relief, this Court's stay of the instant action will be **LIFTED** and Petitioner's supplemented § 2255 motion [Docs. 95, 98, 103] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in

---

clause—that the Supreme Court deemed unconstitutional in the *Johnson* decision. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

2

good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

    **IT IS SO ORDERED.**

                                                  s/J. RONNIE GREER
                                          UNITED STATES DISTRICT JUDGE

3

Case 2:13-cr-00042-JRG   Document 104   Filed 03/29/17   Page 3 of 3   PageID #: 295