UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| CARLOS ALTIERY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos.  2:13-CR-42-JRG-1 |
| ) | 2:16-CV-229-JRG |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner's supplemented motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Docs. 95, 98, 103, 109, 110].[1] He bases his request for relief at least in part on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. Recently, the United States filed a motion to deny and dismiss the petition based on an intervening decision of the Supreme Court [Doc. 108]. For the reasons below, the United States's motion to deny and dismiss will be **GRANTED**, and Petitioner's supplemented § 2255 motion will be **DENIED** and **DISMISSED WITH PREJUDICE**.

I.   **BACKGROUND**

In 2014, Petitioner was convicted of conspiring to distribute and possess with intent to distribute oxycodone and conspiring to distribute and possess with intent to distribute heroin,

---

[1] On February 11, 2016, this Court appointed Federal Defender Services of Eastern Tennessee (FDSET) for the limited purpose of reviewing the case to determine whether Petitioner was eligible for collateral relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See* E.D. Tenn. SO-16-02 (Feb. 11, 2016). Petitioner filed a pro se petition for relief based on *Johnson* [Doc. 95], and, consistent with the Standing Order, FDSET filed a supplement in support of that claim [Doc. 98]. Petitioner filed three additional pro se supplements [Docs. 103, 109, 110].

both in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C) [Docs. 46, 51, 76]. Based on prior convictions for Massachusetts armed robbery while masked and racketeering enterprise, the United States Probation Office deemed Petitioner to be a career offender under Section 4B1.1 of the United States Sentencing Guidelines [Presentence Investigation Report (PSR) ¶¶ 29, 36, 37]. In accordance with that designation, this Court sentenced Petitioner to 144 months' imprisonment on March 6, 2014 [Doc. 76]. Petitioner appealed, but the Sixth Circuit affirmed his conviction and sentence on June 8, 2016 [Doc. 94]. Petitioner did not file a request for a writ of certiorari.

The Supreme Court decided *Johnson* on June 26, 2015. On June 30, 2016, Petitioner filed the instant petition for collateral relief based on that decision [Doc. 95]. FDSET filed a supplement in support of that claim two months later [Doc. 98].

On March 6, 2017, the Supreme Court issued *Beckles v. United States*, which held that the United States Sentencing Guidelines are "not amenable to vagueness challenges." 137 S.Ct. 886, 894 (2017). Two weeks later, this Court entered an Order (1) explaining that *Beckles* necessarily meant that "*Johnson* . . . does not undermine sentences based on Guideline enhancements;" (2) instructing the parties to "file any motion that they want[ed] the Court to consider in conjunction with, or prior to, ruling on [the instant] petition[] on or before April 1, 2017;" and (3) requiring that responsive pleadings be filed on or before April 15, 2017 [Doc. 102].

On March 23, 2017, Petitioner filed a pro se motion "to clarify and supplement" his § 2255 motion, explaining that he had not been able to reach counsel but wanted to continue in his request for collateral relief based on *Johnson* and *Mathis v. United States*, 136 S. Ct. 2243 (2016) [*Id.* (maintaining that his prior Massachusetts conviction for armed robbery does not qualify as a

crime of violence after the "substantive change in constitutional law regarding the void-for-vagueness statutes fixing sentences")].[2] On March 31, 2017, the United States filed a motion to dismiss Petitioner's *Johnson*-based challenge to his career offender designation in light of *Beckles* [Doc. 108]. Within one week, Petitioner filed an "amended § 2255 motion" [Doc. 109] and supplement with "additional citations of authority" [Doc. 110]. The combined effect of Petitioner's two most-recent submissions is as follows: (1) the *Beckles* holding that the Guidelines are not amenable to vagueness challenges does not foreclose *Johnson*-based collateral relief because this Court remains bound by the Sixth Circuit's prior holding to the contrary in *Pawlak v. United States*, 822 F.3d 902 (6th Cir. 2016); and (2) counsel rendered ineffective assistance by failing to challenge this Court's categorization of the Massachusetts armed robbery conviction at sentencing [Docs. 109, 110].

## II. MOTION TO DISMISS WITH PREJUDICE

As supplemented, the petition contains two discernable grounds for collateral relief. In the first, Petitioner argues that *Johnson* invalidated the identically worded residual clause in Section 4B1.2, his prior Massachusetts conviction for armed robbery only qualified as a crime of violence under that provision, and he lacks sufficient predicates for career offender designation.[3]

---

[2] In *Mathis*, the Supreme Court held that: (1) a prior conviction does not qualify as a generic form of a predicate violent felony for purposes of the ACCA if an element of the crime of conviction is made broader than an element of the generic offense by way of an enumerated list of alternative factual means for satisfaction of the former; and (2) Iowa's burglary statute—which defines "structure" to include any building, structure, [or] land, water, or air vehicle"—had a broader locational component than generic burglary. 136 S. Ct. at 2247–48, 53–54. Because the "structure" element of Iowa's burglary statute was broader than the parallel element of generic burglary, the Court concluded that the petitioner's prior convictions were incapable of supporting enhancement under the enumerated-offense clause. *Id.* at 2257.

[3] The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug

In the second, he argues that counsel was ineffective for failing to object to or otherwise challenge the categorization of Massachusetts armed robbery as a crime of violence at the sentencing hearing.

### III. Standard of Review

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### A. Propriety of Career Offender Designation After *Johnson*

---

offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* USSG 1 § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

4

To the extent that Petitioner argues that this Court remains bound by *Pawlak* despite the Supreme Court's contrary holding in *Beckles*, he is mistaken. This Court has an obligation to follow the Supreme Court where an intervening decision of that Court directly reverses an opinion of the Court of Appeals or implicitly reverses the same through a case with indistinguishable facts. *In re Higgins*, 159 B.R. 212, 215 (S.D. Ohio Aug. 13, 1993). *Beckles* overruled *Pawlak* because the former reached the opposite conclusions regarding Section 4B1.2's susceptibility to void for vagueness analysis under materially indistinguishable circumstances. *See Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir.1985) ("A panel of this Court cannot overrule the decision of another panel. The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting *en banc* overrules the prior decision."). As a result, *Beckles* binds this Court.

To the extent that Petitioner argues that *Johnson* invalidated the Guidelines residual clause and that his prior conviction for Massachusetts armed robbery cannot be categorized as a crime of violence without it, that argument fails because the Guidelines are "not amenable to vagueness challenges." *Beckles*, 137 S. Ct. at 894. Because *Johnson* did not affect his status as a career offender, that decision cannot serve as a basis for granting relief. Further, divisibility of the Massachusetts armed robbery statute under *Mathis* is irrelevant since viability of the residual provision means that his conviction for that offense categorically qualifies as a crime of violence under the combined scope of the enumerated-offense, use-of-physical-force, or residual clauses.[4]

---

[4] To determine whether a particular offense qualifies as a crime of violence under Section 4B1.1, courts must first identify the precise crime of conviction. *Descamps*, 133 S. Ct. 2276, 2285 (2013). They do so by employing a "categorical approach," under which courts look "only to the statutory definitions—elements—of a defendant's prior offense, and not to the particular

5

### B. Ineffective Assistance of Counsel at Sentencing Hearing

A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). *See also, Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). First, the petitioner must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *Id.*, as measured by "prevailing professional norms," *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and the petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound . . . strategy" (internal citation omitted)).

Second, the petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). If a petitioner fails to prove that he sustained prejudice, the Court need not decide whether counsel's performance was deficient. *See United States v. Hynes*, 467 F.3d 951, 970 (6th Cir. 2006) (holding that alleged "flaws" in trial

---

facts underlying [each individual] conviction[]." *Id.* at 2283 (internal quotations omitted). If violation invariably satisfies one or more of the clauses in Section 4B1.2, then the conviction categorically qualifies as a crime of violence and the courts' task is complete. It is only when the statute criminalizes superfluous conduct that courts must determine whether the statute is divisible or indivisible.

counsel's representation did not warrant a new trial where the claims, even if true, did not demonstrate that the jury would have reached a different conclusion).

To the extent that Petitioner faults counsel for not challenging his career offender designation at the sentencing hearing, that ground fails because *Johnson* had no impact on the propriety of his career offender designation. As a result, counsel's failure to raise an objection based on that decision could not have resulted in prejudice and this Court need not address whether the omission amounted to a deviation from professional norms. *See, e.g.*, *Hoffner v. Bradshaw*, 622 F.3d 487, 499 (6th Cir. 2010) (explaining that counsel cannot be held constitutionally ineffective for failing to pursue a meritless claim or raise a meritless objection).

To the extent that Petitioner suggests that counsel should have predicted what would have amounted to a change in the definition of crime of violence, he is equally mistaken. The Court sentenced Petitioner on February 28, 2014, more than two years before the Supreme Court decided *Johnson*. Even if that decision had somehow changed what offenses are capable of serving as career offender predicates, and it did not, failure to predict that change would not have been ineffective assistance. *See, e.g.*, *Green v. Johnson*, 116 F.3d 1115, 1125 (5th Cir. 1997) ("[T]here is no general duty on the part of defense counsel to anticipate changes in the law."); *Alcorn v. Smith*, 781 F.2d 58, 62 (6th Cir. 1986) (noting non-egregious "errors such as failure to perceive or anticipate a change in the law . . . cannot be considered ineffective assistance of counsel").

## III. CONCLUSION

For the reasons discussed above, the United States's motion to deny and dismiss [Doc. 108] will be **GRANTED** and Petitioner's supplemented § 2255 motion [Doc. 95, 98, 103, 109, 110] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any

appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE