UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:13-CR-00042-1-JRG |
| | ) | |
| CARLOS ALTIERY | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Carlos Altiery's Writ of Mandamus or in the Alternative a Motion for Early Release for Compassionate Reasons [Doc. 133], the United States' Response [Doc. 135], Mr. Altiery's Reply [Doc. 141], and Mr. Altiery's Supplements [Docs. 144 & 147]. Acting pro se,[1] Mr. Altiery moves the Court to order his "immediate compassion [sic] release on extraordinary and compelling reasons." [Def.'s Mot. at 3]. First, he states that he is the only available caregiver for his minor child, and second, he argues that the facility in which he is incarcerated "is in the middle of an [sic] COVID-19 outbreak." [*Id.* at 3–5]. He cites 18 U.S.C. § 3582 as the basis for his request for compassionate release. [*Id.* at 4].

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Although § 3582(c)(1)(A) begins with the declaration that "[t]he court may not modify a term of imprisonment once it has been imposed," Congress enacted the First Step Act, Pub. L. No. 115-319, 132 Stat. 5194 (2018), which amended § 3582(c)(1)(A) so that courts can consider motions for compassionate release once a defendant either exhausts her

---

[1] Mr. Altiery filed his motion pro se, but the Federal Defender Services of Eastern Tennessee then filed a reply brief and a pair of supplements on his behalf.

administrative remedies with the Bureau of Prisons or waits thirty days after submitting a request to the warden. Section § 3582(c)(1)(A) now states:

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). The United States argues that Mr. Altiery has not shown that he has properly petitioned the warden of his facility for compassionate release, and the Court agrees. [United States' Resp. at 1, 8].

A few months ago, Mr. Altiery did in fact petition the warden for compassionate release but requested "a CARES Act release" rather than release under § 3582(c)(1)(A). [Warden's

Denial, Doc 141-1, at 1].[2] The Court has no authority to order Mr. Altiery's release under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020). *United States v. Coker*, No. 3:14-CR-085, 2020 WL 1877800, at *2 (E.D. Tenn. Apr. 15, 2020); *see United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1118 (D. Kan. 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision." (citing *United States v. Engleson*, No. 13-CR-340-3(RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020))).

Because Mr. Altiery has failed to satisfy § 3582(c)(1)(A)'s exhaustion requirement, the Court is unable to consider his motion for compassionate release at this time. *See United States v. Alam*, 960 F.3d 831, 833–36 (6th Cir. 2020) (concluding that § 3582(c)(1)(A)'s exhaustion requirement is mandatory and that courts lack license to create a judge-made or an equitable exception to it). Mr. Altiery's motion [Doc. 133] is therefore **DENIED without prejudice**.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

---

[2] In addition, Mr. Altiery did not provide the warden with documentation that was necessary for him to determine whether Mr. Altiery was or was not eligible for compassionate release based on his alleged need to care for his minor child. [Warden's Denial at 1].