UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA )
)
v. ) No. 2:13-CR-00042-1-JRG
)
CARLOS ALTIERY )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Carlos Altiery's Motion for Relief from a Final Judgment Pursuant to Federal Rule of Civil Procedure 60(b) [Doc. 124], the United States' Response in Opposition [Doc. 127], and Mr. Altiery's Reply [Doc. 129]. For the reasons herein, the Court will transfer Mr. Altiery's motion to the Sixth Circuit Court of Appeals.

### I. BACKGROUND

In 2016, Mr. Altiery filed a petition for post-conviction relief under 28 U.S.C. § 2255, [Pet., Doc. 95], asserting that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) nullified his career-offender status under USSG § 4B1.1 and that this Court violated his due-process rights by designating him as a career offender at sentencing. [*Id.* at 4, 7]. Also, Mr. Altiery brought two claims for ineffective assistance of counsel, arguing that his counsel was ineffective because he failed to heed his request to appeal his sentence and failed to conduct adequate research and present evidence at his sentencing hearing. [*Id.* at 4, 5, 8]. The Court dismissed Mr. Altiery's petition with prejudice and declined to issue a certificate of appealability to him. [Mem. Op., Doc. 111, at 7–8; J. Order, Doc. 112, at 1]. On appeal, the Sixth Circuit also declined to issue a certificate of appealability. [Sixth Circuit Order, Doc. 120, at 3].

Mr. Altiery has now filed a motion challenging the Court's judgment under Federal Rule of Civil Procedure 60(b)(6), under which he argues that the Court, when it denied his § 2255

petition, "mistakenly failed to address" his claim that his counsel was ineffective for failing to file an appeal. [Pet'r's Mot. at 21]. In response, the United States acknowledges that "[i]t is true that, when denying petitioner's § 2255 motion, this Court did not explicitly discuss petitioner's allegation that counsel was ineffective for not filing a direct appeal." [United States' Resp. at 3]. But the United States maintains the Court "had no obligation to consider the merits of the ineffectiveness claim because petitioner's § 2255 motion was unquestionably untimely and petitioner did not prove his entitlement to equitable tolling of the statute of limitations." [*Id.*]. Having carefully reviewed and considered the parties' arguments, the Court is now prepared to rule on Mr. Altiery's motion.

## II. LEGAL STANDARD

Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment" for six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)–(6). Rule 60(b)(1)–(5) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005) (footnote omitted).

Rule 60(b)(6), on the other hand, allows a party to seek relief for "any other reason that justifies relief" from the judgment. Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) "vests wide discretion

2

in courts," *Buck v. Davis*, 137 S. Ct. 759, 777 (2017), but it is available only in "extraordinary circumstances," *Gonzalez*, 545 U.S. at 535 (quoting *Ackermann v. United States,* 340 U.S. 193, 199 (1950)), because of "public policy favoring finality of judgments," *Waifersong Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992); *see Custis v. United States*, 511 U.S. 485, 497 (1994) (stating that "'inroads on the concept of finality tend to undermine confidence in the integrity of our procedures' and inevitably delay and impair the orderly administration of justice" (quotation omitted)); *see also Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 873 (1988) (Rehnquist, C.J., dissenting) ("This very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved.").

An extraordinary circumstance for Rule 60(b)(6) relief "will rarely occur in the habeas context," *Gonzalez*, 545 U.S. at 535, but when deciding whether extraordinary circumstances are present, courts may nevertheless consider "a wide range of factors," *Buck*, 137 S Ct. at 778. For instance, Rule 60(b)(6) relief "is especially appropriate in cases where the interest in finality is somehow abrogated," *Blue Diamond Coal Co. v. Trs. of UMWA Combined Beneficiary Fund*, 249 F.3d 519, 528 (6th Cir. 2001) (citation omitted), or when "'something more' than one of the grounds contained in Rule 60(b)'s first five clauses is present," *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1988) (quotation omitted). Along similar lines, courts may consider "the risk of injustice to the parties" and "the risk of undermining the public confidence in the judicial process." *Buck*, 137 S Ct. at 778 (quotation omitted).

### III. ANALYSIS

When a petitioner like Mr. Altiery files a Rule 60(b) motion, the "threshold inquiry is whether [the petitioner's] Rule 60(b) motion is a 'true' Rule 60(b) motion or simply a 'second or successive' habeas application cloaked in Rule 60(b) garb." *Franklin v. Jenkins*, 839 F.3d

3

465, 473 (6th Cir. 2016) (citing *Gonzalez*, 545 U.S. at 531). This threshold inquiry is necessary because before a petitioner may file "a second or successive application . . . in the district court, [he] shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3(A); *see id.* § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."). If Mr. Altiery's motion is not a true Rule 60(b) motion but instead a second or successive petition for relief under § 2255, then the Court lacks jurisdiction to consider it. *See Moreland v. Robinson*, 813 F.3d 315, 322 (6th Cir. 2016) ("Failure to obtain precertification for the filing of such a petition deprives the district court of jurisdiction to adjudicate the claims raised in such a petition." (citing *Burton v. Stewart,* 549 U.S. 147, 149, 152–53 (2007))). A true Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532 (footnote omitted). But before determining whether Mr. Altiery's motion attacks the integrity of the § 2255 proceedings or the substance of those proceedings, the Court will address procedural defects in the motion—defects that, if the United States had raised them in its response—would have dispensed with the motion.

### A. Procedural Defects

When Mr. Altiery contested the Court's judgment on appeal, he did not raise the Court's failure to address his claim for ineffective assistance of counsel. *See* [Sixth Circuit's Order at 1–3]. Mr. Altiery's failure to challenge this issue on appeal should foreclose the relief he requests in his Rule 60(b) motion. *See GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007) ("[T]he district court correctly rejected [the plaintiff's] Rule 60(b)(6) motion. *First,* as we have shown, a Rule 60(b)(6) motion is not a substitute for an appeal and, it follows, may not be

4

invoked to resurrect a waived argument."); *Hopper*, 867 F.2d at 294 ("The parties may not use a Rule 60(b) motion as a substitute for an appeal[.]" (citation omitted)); *see also Pelino v. Superintendent Greene Sci*, No. 18-2481, 2020 WL 7230249, at *1 (3d Cir. Feb. 27, 2020) ("[The plaintiff] also alleged that the District Court failed to address one of his claims, but he could have raised that argument on appeal, and '[a] request for relief pursuant to Rule 60(b) cannot be used as a substitute for an appeal.'" (quotation omitted)); *Wilson v. Kline*, No. 1:02-CV-936, 2008 WL 2579135, at *1 (W.D. Mich. June 27, 2008) ("[A] Rule 60(b) motion is not a substitute for an appeal. This principle does not help Plaintiff, because it merely means that a party cannot use a Rule 60(b) motion to raise an argument that should have been raised on appeal." (citing *GenCorp*, 477 F.3d at 373)).

And even if Mr. Altiery were not leaning on his Rule 60(b) motion as a substitute for an appeal, it would still fail because it is untimely. Although Mr. Altiery styles his motion as a Rule 60(b)(6) motion, he does not argue that "'something more' than one of the grounds contained in Rule 60(b)'s first five clauses is present." *Hopper*, 867 F.2d at 294 (quotation omitted). Rather, he argues that the Court "mistakenly" failed to address one of the claims in his petition, [Pet'r's Mot. at 21], and his motion therefore falls within the ambits of Rule 60(b)(1) rather than Rule 60(b)(6), *Tyler v. Anderson*, 749 F.3d 499, 509–10 (6th Cir. 2014); *see* Fed. R. Civ. P. 60(b)(1) (stating that "mistake" is a basis for relief from a final judgment); *Willis v. Jones*, 329 F. App'x 7, 14 (6th Cir. 2009) ("[The petitioner] explicitly characterized his motion as a Rule 60(b)(6) motion, but it actually fits within multiple subsections of Rule 60(b). . . . [His] non-successive arguments are properly classified as motions under Rule 60(b)(1)." (footnote omitted)); *Tyler v. Anderson*, No. 1:96 CV 1881, 2013 WL 3992590, at *5 (N.D. Ohio Aug. 5, 2013) ("This Court finds that its alleged failure to address two of [the petitioner's] claims is a 'mistake[] that

5

constitute[s] inadvertent judicial oversight,' falling squarely within a plain reading of Rule 60(b)(1)."), *aff'd*, 749 F.3d 499 (6th Cir. 2014).

To be timely, a motion under Rule 60(b)(1) "must be made within . . . a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). Mr. Altiery's motion, however, is untimely because he filed it on August 6, 2018, over a year after the Court entered its judgment on May 11, 2017. Mr. Altiery's appeal in the interim did not suspend the one-year timeframe in Rule 60(c). *See McDowell v. Dynamics Corp. of Am.*, 931 F.2d 380, 383 (6th Cir. 1991) ("[T]he appellee's pursuit of an appeal does not affect the time in which it must file a motion to set aside the judgment under Rule 60(b). Appellee had a year in which to file a Rule 60 motion . . . . The pendency of an appeal did not prevent him from filing a Rule 60 motion."); *The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1088 (10th Cir. 2005) ("[A]n appeal does not toll or extend the one-year time limit of Rule 60(b)."); *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 94 (2d Cir. 2002) ("[The plaintiff] argues that an appeal of the judgment tolls the one year period for filing a Rule 60(b) motion based on fraud. The rule is to the contrary." (citations omitted)); *Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989) (stating that Rule 60(b)'s "one-year limitation period is not tolled during an appeal" (citation omitted)); *McNoriell v. Warren*, No. 06-CV-11832, 2008 WL 4908755, at *1 (E.D. Mich. Nov. 13, 2008) ("Contrary to Petitioner's assertion, he did not have one year from the Sixth Circuit's denial of a certificate of appealability to file his motion; rather he had one year from the disputed decision." (citing *McDowell*, 931 F.3d at 383))). Mr. Altiery's motion is therefore untimely.

But up to this point, the Court is treading on shaky ground for one obvious reason: the United States does not argue that Mr. Altiery's Rule 60(b) motion fails because it is a substitute for an appeal or because it is untimely. *See Willis*, 329 F. App'x at 15 ("[The respondent] has

6

Case 2:13-cr-00042-JRG   Document 149   Filed 03/22/21   Page 6 of 10   PageID #: 757

forfeited any reliance on legal defects in [the petitioner's] Rule 60(b) motion by electing to brief this case solely on whether the district court properly dismissed the habeas petition."). The one-year statute of limitations that applies to Rule 60(b) motions is not jurisdictional in nature and is instead a claims-processing rule. *See id.* at 14 ("[T]his Rule 60(b) time limit is an affirmative defense, not a jurisdictional bar. The Federal Rules, in and of themselves, do not alter the jurisdiction of the district court." (citing Fed. R. Civ. P. 82)); *see generally United States v. Gaytan-Garza*, 652 F.3d 680, 681 (6th Cir. 2011) ("[A] jurisdictional time period is established by statute and that a time period established only by a rule is merely a non-jurisdictional claim-processing rule." (citing *Bowles v. Russell*, 551 U.S. 205, 210–13 (2007))).

The Court, therefore, would potentially err if it were to sua sponte dismiss Mr. Altiery's motion based on its underlying procedural defects. *Cf. United States v. Jackson*, 984 F.3d 507, 514 (6th Cir. 2021) (recognizing that Federal Rule of Appellate Procedure 4(b) is a claims-processing rule and that "[a]s a result, 'we are not required to dismiss late-filed criminal appeals unless the government has raised the issue, which it can do by motion or in its briefing'" (quotation omitted)); *Willis*, 329 F. App'x at 15 ("While this court normally would affirm the district court's order because [the petitioner's] Rule 60(b) motion was untimely, the interests of justice do not require this, particularly in light of the state's forfeiture of that argument."); *United States v. Mitchell*, 518 F.3d 740, 749–50 (10th Cir. 2008) (observing that "[o]urs is an adversarial system of justice" and that "[t]he presumption, therefore, is to hold the parties responsible for raising their own defenses," except when "the issue implicates the court's power to protect its own important institutional interests" (citing *Arizona v. California,* 530 U.S. 392, 412 (2000); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629–31 (1962))); *Kiburz v. England*, No. 1:04–CV–224, 2010 WL 4514301, at *1 n.5 (M.D. Pa. Nov. 2, 2010) ("The Court notes that

7

Plaintiff likely violated Rule 60(c)(1)' s one year limitations period. . . . However . . . this Court will not consider the issue *sua sponte*. (citing *Willis*, 329 F. App'x at 14))).

The Court must therefore decline to dismiss Mr. Altiery's motion on a sua sponte basis, despite its procedural defects. The Court has raised these defects only to highlight the fact that the United States has been laconic in responding to Mr. Altiery's motion and allowed for the unnecessary perpetuation of this litigation. Now, the Court must move on to the next phase of the analysis: whether Mr. Altiery's "Rule 60(b) motion is a 'true' Rule 60(b) motion or simply a 'second or successive' habeas application cloaked in Rule 60(b) garb." *Franklin*, 839 F.3d at 473 (citing *Gonzalez*, 545 U.S. at 531).

### B. Threshold Inquiry: True Rule 60(b) Motion versus Successive Petition

The issue before the Court—whether a petitioner is entitled to Rule 60(b) relief when a district court failed to address a claim in his § 2255 petition—is relatively rare in the annals of case law. The Sixth Circuit addressed this issue in *Tyler v. Anderson*, 749 F.3d 499 (6th Cir. 2014), but only as a matter of dicta. In *Tyler*, the district court issued a judgment dismissing the petitioner's habeas petition but, in doing so, had mistakenly not ruled on two of the petitioner's claims. *Tyler*, 2013 WL 3992590 at *1–2, 4. So the petitioner filed a Rule 60(b) motion, and the district court, citing to two Tenth Circuit Court of Appeals' decisions—*Spitznas v. Boone*, 464 F.3d 1213 (10th Cir. 2006) and *Peach v. United States,* 468 F.3d 1269 (10th Cir. 2006)—decided that the petitioner's motion was a true Rule 60(b) motion. *Id.* at *4. In both *Spitznas* and *Peach*, the Tenth Circuit held that when a district court fails to rule on a claim in a petitioner's habeas petition, the petitioner's pursuit of relief under Rule 60(b) constitutes a true Rule 60(b) motion because it attacks a defect in the integrity of the habeas proceedings and not the district court's resolution of a claim on the merits. *Peaches*, 468 F.3d at 1271; *Spitznas*, 464 F.3d at 1225.

8

On appeal, the Sixth Circuit declined to adopt or reject the Tenth Circuit's reasoning, choosing instead to deny the petitioner's motion on "other grounds." *Tyler*, 749 F.3d at 508. The Sixth Circuit ultimately determined that the petitioner's Rule 60(b) motion was a second or successive habeas petition because the petitioner challenged not only the district court's failure to address one of his claims but also the district court's prior resolution of a separate claim. *Id*. The case law in this circuit therefore contains no definitive guidance from which the Court can rule that Mr. Altiery's motion is a true Rule 60(b) motion. But like the Sixth Circuit in *Tyler*, this Court is of the conviction that, based on the facts of this case, it does not need to resolve the question of whether a petitioner's Rule 60(b) motion, when in response to a court's failure to address a claim in a § 2255 petition, attacks a defect in the integrity of the post-conviction proceedings or the substance of those proceedings.

Mr. Altiery's allegation as to his counsel's ineffective assistance consisted of a solitary, conclusory sentence: "Defense counsel failed to file a timely notice of appeal after specifically being instructed to do so." [Pet. at 4]. This purely conclusory allegation simply cannot justify the extraordinary remedy of § 2255 relief. *See Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2003) ("Generally, courts have held that 'conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255'" (quotation and citation omitted)); *Hampton v. United States*, 191 F.3d 695, 698 (6th Cir. 1999) (stating that "[h]abeas review is an extraordinary remedy"). And perhaps for this very reason, Mr. Altiery does not ask the Court to address his claim as it appeared in his original petition. Instead, in his Rule 60(b) motion, he has augmented this claim with pages and pages of newfound allegations and filed affidavits and other evidence in tow—none of which accompanied his original petition.

9

Mr. Altiery has gone to such substantial lengths to dress his claim with new allegations and evidence that the Court has serious misgivings as to whether he "seeks only to lift the procedural bars that prevented adjudication of [his] claim[] on the merits" or instead "seeks to add a new ground for relief." *Moreland*, 813 F.3d at 323 (citing *Gonzalez*, 545 U.S. at 531–32 & 532 n.4). Under these circumstances, the Court, if it were to rule on Mr. Altiery's Rule 60(b) motion, would come precariously close to exceeding its authority. *See id.* at 319 ("[The petitioner's] motions are second or successive habeas petitions that the district court lacked jurisdiction to consider. . . . [T]he district court should have transferred them to this court to review as requests for permission to be filed."). The more prudent approach, therefore, is for the Court to transfer Mr. Altiery's motion to the Sixth Circuit.

## IV. Conclusion

In the interest of justice, the Clerk of Court is **DIRECTED** to **TRANSFER** Mr. Altiery's Rule 60(b) motion [Doc. 124] to the Sixth Circuit for review. 28 U.S.C. § 1631; *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
