UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:13-CR-00042-1-JRG |
| | ) | |
| CARLOS ALTIERY | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on remand from the United States Court of Appeals for the Sixth Circuit, which ruled that Petitioner Carlos Altiery's Motion for Relief from a Final Judgment Pursuant to Federal Rule of Civil Procedure 60(b) [Doc. 124] is a true Rule 60(b) motion rather than a second or successive petition for relief under 28 U.S.C. § 2255. For the reasons herein, the Court will deny Mr. Altiery's motion as untimely.

### I. BACKGROUND

In 2016, Mr. Altiery filed a petition for post-conviction relief under § 2255, [Pet., Doc. 95], asserting that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) nullified his career-offender status under USSG § 4B1.1 and that this Court violated his due-process rights by designating him as a career offender at sentencing. [*Id.* at 4, 7]. Also, Mr. Altiery brought two claims for ineffective assistance of counsel, arguing that his counsel was ineffective because he failed to heed his request to appeal his sentence and failed to conduct adequate research and present evidence at his sentencing hearing. [*Id.* at 4, 5, 8]. The Court dismissed Mr. Altiery's petition with prejudice and declined to issue a certificate of appealability to him. [Mem. Op., Doc. 111, at 7–8; J. Order, Doc. 112, at 1]. On appeal, the Sixth Circuit also declined to issue a certificate of appealability. [Sixth Circuit Order, Doc. 120, at 3].

Mr. Altiery has now filed a motion challenging the Court's judgment under Federal Rule of Civil Procedure 60(b)(6), under which he argues that the Court, when it denied his § 2255 petition, "mistakenly failed to address" his claim that his counsel was ineffective for failing to file an appeal. [Pet'r's Mot., Doc. 124, at 21]. In response, the United States acknowledges that "[i]t is true that, when denying petitioner's § 2255 motion, this Court did not explicitly discuss petitioner's allegation that counsel was ineffective for not filing a direct appeal." [United States' Resp. at 3]. Mr. Altiery, however, does not ask the Court to address his claim as it appeared in his original § 2255 petition. Instead, in his Rule 60(b) motion, he has augmented this claim with pages and pages of newfound allegations and filed affidavits and other evidence in tow—none of which accompanied his original § 2255 petition.

As the Court said in its prior opinion, Mr. Altiery "has gone to such substantial lengths to dress his claim with new allegations and evidence that the Court has serious misgivings as to whether he seeks only to lift the procedural bars that prevented adjudication of [his] claim[] on the merits" or instead "seeks to add a new ground for relief." [Mem. Op. & Order, Doc. 149, at 10 (quoting *Moreland v. Robinson*, 813 F.3d 315, 323 (6th Cir. 2016))]; *see Moreland*, 813 F.3d at 315 ("[Petitioner's] motions are second or successive habeas petitions that the district court lacked jurisdiction to consider. . . . [T]he district court should have transferred them to this court to review as requests for permission to be filed."). Under 28 U.S.C. § 1631, the Court therefore transferred Mr. Altiery's motion to the Sixth Circuit for a decision as to whether it is a second or successive § 2255 petition.

Although the Sixth Circuit appeared to acknowledge that part of Mr. Altiery's motion contained new grounds for relief not present in his § 2255 motion—i.e., the part consisting of new allegations and new evidence—it concluded that the "portion" of Mr. Altiery's motion

"challeng[ing] the district court's failure to resolve this ineffective-assistance claim. . . . did not raise a new claim" and was therefore a true Rule 60(b) motion. [Sixth Circuit Order, Doc. 154, at 5]. The Sixth Circuit remanded this case, instructing this Court to "address the motion on its merits and determine whether relief is warranted under Rule 60(b)." [*Id.*].

## II. LEGAL STANDARD

Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment" for six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)–(6). Rule 60(b)(1)–(5) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005) (footnote omitted).

Rule 60(b)(6), on the other hand, allows a party to seek relief for "any other reason that justifies relief" from the judgment. Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) "vests wide discretion in courts," *Buck v. Davis*, 137 S. Ct. 759, 777 (2017), but it is available only in "extraordinary circumstances," *Gonzalez*, 545 U.S. at 535 (quoting *Ackermann v. United States,* 340 U.S. 193, 199 (1950)), because of "public policy favoring finality of judgments," *Waifersong Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992); *see Custis v. United States*, 511 U.S. 485, 497 (1994) (stating that "'inroads on the concept of finality tend to undermine confidence

3

in the integrity of our procedures' and inevitably delay and impair the orderly administration of justice" (quotation omitted)); *see also Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 873 (1988) (Rehnquist, C.J., dissenting) ("This very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved.").

### III.  ANALYSIS

Although Mr. Altiery styles his motion as a motion for relief under Rule 60(b)(6), the Court previously construed his motion as a Rule 60(b)(1) motion. [Mem. Op. & Order at 5–6]. As the Court stated then, and restates now, Mr. Altiery does not contend that "'something more' than one of the grounds contained in Rule 60(b)'s first five clauses is present." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1988) (quotation omitted). Rather, he argues that the Court "mistakenly," or inadvertently, failed to address one of the claims in his petition, [Pet'r's Mot. at 21], and his motion therefore falls within the ambits of Rule 60(b)(1) instead of Rule 60(b)(6), *see* Fed. R. Civ. P. 60(b)(1) (referring to "mistake" and "inadvertence" as grounds for relief from a court's final judgment). Mr. Altiery now objects to the Court's characterization of his motion as a Rule 60(b)(1) motion, maintaining that the Court should not have "liberty to interpret filings" and decide "how [to] best characterize[]" them. [Pet'r's Obj. to Show-Cause Order, Doc. 177, at 1].

But courts do have liberty to characterize a pro se petitioner's filings in a way that best captures the substance of those filings, and case law is replete with examples of courts exercising this liberty by converting a petitioner's Rule 60(b)(6) motion to a Rule 60(b)(1) motion. *See, e.g.*, *Willis v. Jones*, 329 F. App'x 7, 14 (6th Cir. 2009) ("[The petitioner] explicitly characterized his motion as a Rule 60(b)(6) motion, but it actually fits within multiple subsections of Rule 60(b)," and, therefore, [his] non-successive arguments are properly classified as motions under Rule

4

60(b)(1)." (footnote omitted)); *see also Penney v. United States*, 870 F.3d 459, 461–62 (6th Cir. 2017) (converting the petitioner's Rule 60(b)(6) motion to a Rule 60(b)(1) motion after deciding that his "arguments are of a type for which Rule 60(b)(1) is intended to provide relief"); *Tyler v. Anderson*, No. 1:96 CV 1881, 2013 WL 3992590, at *5 (N.D. Ohio Aug. 5, 2013) ("This Court finds that its alleged failure to address two of [the petitioner's] claims is a 'mistake[] that constitute[s] inadvertent judicial oversight,' falling squarely within a plain reading of Rule 60(b)(1)."), *aff'd*, 749 F.3d 499 (6th Cir. 2014).

The Court's authority to characterize and analyze Mr. Altiery's motion under the proper subsection of Rule 60(b) is consistent with the general precept that the Court must "liberally constru[e]" pro se filings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). As the Court has already noted, it may grant relief under Rule 60(b)(6) only in "extraordinary circumstances," *Gonzalez*, 545 U.S. at 535, which means that the legal standard that a pro se litigant must satisfy to obtain relief under this rule is especially onerous, *see Franklin v. Jenkins*, 839 F.3d 465, 472 (6th Cir. 2016) (recognizing that "[p]articularly strict standards apply to motions made pursuant to Rule 60(b)(6)"), *cert denied*, 137 S. Ct. 2188 (2017). By characterizing Mr. Altiery's motion as a Rule 60(b)(1) motion, the Court is not only taking a liberal construction of that motion but it is also adhering to the Sixth Circuit's longstanding view that courts must not apply Rule 60(b)(6) when the circumstances permit it to address a party's motion under one of Rule 60(b)'s other five subsections. *See Hopper*, 931 F.2d at 294 ("This Circuit adheres to the view that courts should apply Rule 60(b)(6) only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.").

Those circumstances require "something more" to be present "than one of the grounds contained in Rule 60(b)'s first five clauses." *Id.* (quotation omitted). But in this case, Mr. Altiery

5

is clearly complaining that the Court mistakenly or inadvertently failed to address his claim that his counsel was ineffective for failing to file an appeal, and that complaint is of a mold that fits within one of Rule 60(b)'s first five subsections, namely Rule 60(b)(1). *Tyler*, 2013 WL 3992590 at *5. Simply, if the Court were to construe Mr. Altiery's motion as a Rule 60(b)(6) motion, as he requests, it would commit a legal error. *See McDowell v. Dynamics Corp. of Am.*, 931 F.2d 380, 383, 384 (6th Cir. 1991) (holding that the district court wrongly "granted relief not provided for in the Federal Rules of Civil Procedure" when the appellee's Rule 60(b) motion "could have [been] brought . . . under Rule 60(b)(1)" and the district court instead construed it as a Rule 60(b)(6) motion for "reasons which are [not] properly considered under Rule 60(b)(6)").

    Having identified Mr. Altiery's motion as a Rule 60(b)(1) motion, the Court now turns to an observation it made in its previous opinion: Mr. Altiery's motion is untimely under Rule 60(c)(1). [Mem. Op. & Order at 5–6]. To be timely, a motion under Rule 60(b)(1) "must be made within . . . a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). Mr. Altiery's motion, however, is untimely because he filed it on August 6, 2018, over a year after the Court entered its judgment on May 11, 2017. Mr. Altiery's appeal in the interim did not suspend the one-year time limit in Rule 60(c). *See McDowell*, 931 F.2d at 383 ("[T]he appellee's pursuit of an appeal does not affect the time in which it must file a motion to set aside the judgment under Rule 60(b). Appellee had a year in which to file a Rule 60 motion . . . . The pendency of an appeal did not prevent him from filing a Rule 60 motion."); *see also The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1088 (10th Cir. 2005) ("[A]n appeal does not toll or extend the one-year time limit of Rule 60(b)."); *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 94 (2d Cir. 2002) ("[The plaintiff] argues that an appeal of the judgment tolls the one year period for filing a Rule 60(b) motion based on fraud. The rule is to the contrary." (citations omitted)); *Nevitt v. United*

*States*, 886 F.2d 1187, 1188 (9th Cir. 1989) (stating that Rule 60(b)'s "one-year limitation period is not tolled during an appeal" (citation omitted)); *McNoriell v. Warren*, No. 06-CV-11832, 2008 WL 4908755, at *1 (E.D. Mich. Nov. 13, 2008) ("Contrary to Petitioner's assertion, he did not have one year from the Sixth Circuit's denial of a certificate of appealability to file his motion; rather he had one year from the disputed decision." (citing *McDowell*, 931 F.3d at 383))). Mr. Altiery's motion is therefore untimely.

The Court was originally reluctant to sua sponte dismiss Mr. Altiery's Rule 60(b)(1) motion as untimely because Rule 60(c)(1) is a non-jurisdictional claims-processing rule, which means that the United States, by failing to raise the rule, has now waived its right to invoke it. [*Id.* at 6–7]. The fact that the United States can no longer raise this rule, however, does not necessarily prevent the Court itself, under the appropriate circumstances, from raising it. In *Day v. McDonough*, 547 U.S. 198 (2006), the Supreme Court held that district courts may sua sponte broach the timeliness of § 2255 motions so long as they first "accord the parties fair notice and an opportunity to present their positions." *Id.* at 210. Like Rule 60(c)(1)'s one-year time limit, § 2255's one-year statute of limitations is also non-jurisdictional in nature. *See Willis v. Jones*, 329 F. App'x 7, 14 (6th Cir. 2009) ("Rule 60(b)['s] time limit is an affirmative defense, not a jurisdictional bar. The Federal Rules, in and of themselves, do not alter the jurisdiction of the district court." (citing Fed. R. Civ. P. 82)); *Pough v. United States*, 442 F.3d 959, 965 (6th Cir. 2006) (stating that "the one-year statute of limitations for filing a motion under § 2255 is not jurisdictional" (citations omitted)).

In addition, Rule 60(b) motions frequently arise, as is true in this case, "[i]n the context of § 2255 relief," *United States v. Bolze*, No. 3:09-CR-93-TAV-DCP-1, 2020 WL 6151560, at *1 (E.D. Tenn. Oct. 20, 2020), and significant interplay exists between Rule 60(b) and § 2255, *cf.*

7

*Gonzalez*, 545 U.S. at 531–32 (discussing the interplay between Rule 60(b) and § 2254); *see Nailor v. United States*, 487 F.3d 1018, 1022 (6th Cir. 2007) (applying *Gonzalez* in the context of a § 2255 motion); *compare Gonzalez*, 545 U.S. at 535 (stating that relief under Rule 60(b) is available only in "extraordinary circumstances" because of the policy favoring the finality of judgments (quotation omitted)), *with Hampton v. United States*, 191 F.3d 695, 698 (6th Cir. 1999) (recognizing that § 2255 relief is "an extraordinary remedy" because of "the concern with finality served by the limitation on collateral attack" (quotations omitted)).

For all these reasons, the Court stated in its most recent opinion that it would apply *Day*'s holding to Rule 60(c)(1), § 2255's non-jurisdictional analog. [Second Mem. Op. & Order, Doc. 164, at 4]. The Court, however, gave Mr. Altiery an opportunity show cause as to why the Court should not dismiss his Rule 60(b)(1) motion as untimely under Rule 60(c)(1). [*Id.*]. In response, Mr. Altiery complains that the United States "never raised the issue of [his] motion being untimely," [Pet'r's Reply, Doc. 178, at 1], but as the Court has already said, it has license to sua sponte broach the timeliness of a Rule 60(b) motion so long as it first gives a petitioner an opportunity to respond before dismissing the motion as untimely, *Day*, 547 U.S. at 210. Mr. Altiery has now declined to "address any issue regarding the Rule 60(b) motion as untimely," [Pet'r's Resp. to Show-Cause Order, Doc. 169, at 4], and instead, he seeks the Court's recusal because he believes the Court's show-cause order defies the Sixth Circuit's remand order, [*id.* at 4–8]. The Court's legal rulings, however, even if incorrect, do not constitute an independent basis for recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves . . . they cannot possibly show reliance upon an extrajudicial source[.]" (citation omitted)).

8

Mr. Altiery appears to believe that the Court, in considering the timeliness of his motion, is disregarding the Sixth Circuit's remand order because the Sixth Circuit instructed this Court to "address [Mr. Altiery's] motion on its merits and determine whether relief is warranted under Rule 60(b)". [Sixth Circuit Order at 5]. But as the United States points out, "[t]he term 'on the merits' has multiple usages," [United States' Resp. at 3 (quoting *Gonzalez*, 545 U.S. at 535 n.4), and the Supreme Court, as well as nearly every circuit court, has recognized that a court's denial of relief under a statute of limitations constitutes an adjudication on the merits, *see Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits." (citations omitted)); *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) ("The dismissal of [the petitioner's] first habeas petition as time-barred was a decision on the merits[.]"); *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (holding that "the dismissal of a habeas petition as untimely constitutes a disposition on the merits"); *Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003) (stating that a "§ 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits"); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (holding that an "untimely petition . . . is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims."); *cf. In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000) (holding that the district court's dismissal of a habeas petition was "on the merits" when the petitioner's "first habeas application is dismissed for procedural default arising from failure to exhaust state remedies where the statute of limitations has run on those remedies"). And, importantly, even the Federal Rules of Civil Procedure, which, of course, include Rule 60(c)(1), state that "*any*

dismissal" under these rules, except one for lack of jurisdiction, improper venue, or failure to join a party, "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b) (emphasis added).

In considering the timeliness of Mr. Altiery's Rule 60(b)(1) motion, the Court is therefore neither exceeding its authority nor disregarding the Sixth Circuit's order. Mr. Altiery's motion is clearly untimely, and in the absence of any effort on his part to attempt to show otherwise, the Court will now dismiss it as such under Rule 60(c)(1). Mr. Altiery's Motion for Relief from a Final Judgment Pursuant to Federal Rule of Civil Procedure 60(b) [Doc. 124] is therefore **DISMISSED** as untimely.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

ENTERED AS A JUDGMENT:

s/ *LeAnna R. Wilson*
District Court Clerk

10

Case 2:13-cr-00042-JRG   Document 179   Filed 08/30/22   Page 10 of 10   PageID #: 1031